IN THE DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

SHARON ALLEN                                                    PLAINTIFF

VS.                          CIVIL ACTION NO. 5:08-cv-243 (DCB)(JMR)

AMERICAN CAPITOL INSURANCE COMPANY
AND JOHN AND JANE DOE A, B, C AND D                            DEFENDANTS


                                ORDER

     This matter is before the Court <u>sua</u> <u>sponte</u> to address the
issue of subject matter jurisdiction.  Having carefully reviewed
the record, and being fully advised in the premises, the Court
finds as follows:

     This case was removed from the Circuit Court of Warren County,
Mississippi, to this Court by the defendant, American Capitol
Insurance Company, pursuant to 28 U.S.C. §§ 1332 (diversity of
citizenship) and 1441 (removal), alleging that diversity exists
between the parties, and that the amount in controversy, exclusive
of interest and costs, exceeds the sum of $75,000.  In her
complaint, the plaintiff, Sharon Allen, seeks payment of an
Accidental Death Benefit in the amount of $1,000 and damages in
connection with the defendant's refusal to pay the Accidental Death
Benefit.  The complaint seeks an unspecified amount of compensatory
and punitive damages.  On June 10, 2009, the Court entered an order
directing the parties to show whether there is an adequate basis
for federal subject matter jurisdiction over this case.

     Title 28 U.S.C. § 1441 authorizes defendants to remove to

federal district court "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." The defendant claims that this Court has original jurisdiction in this action pursuant to 28 U.S.C. § 1332, because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.

The removing party bears the burden of establishing the existence of federal jurisdiction. <u>Allen v. R & H Oil & Gas Co.</u>, 63 F.3d 1326, 1335 (5th Cir. 1995). The jurisdictional facts supporting removal are examined as of the time of removal. <u>Asociacion Nacional de Pescasores a Pequena Escala o Artesanales de Columbia ("ANPAC") v. Dow Quimica de Columbia S.A.</u>, 988 F.2d 559, 565 (5th Cir. 1993). When the plaintiff has alleged an indeterminate amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. <u>De Aguilar v. Boeing Co.</u>, 47 F.3d 1404, 1412 (5th Cir. 1995). A defendant makes this showing when it is facially apparent that the claims are likely to exceed $75,000. <u>Allen</u>, 63 F.3d at 1335. In the alternative, the defendant can set forth facts, preferably in the removal petition, but sometimes by affidavit or stipulation, that support a finding of the requisite amount. <u>Id</u>. The defendant must do more than point to a state law that might allow plaintiff to recover more than what is pled; the defendant must submit "summary-judgment-type evidence" to establish

2

that the actual amount in controversy exceeds $75,000.  See De
Aquilar, 47 F.3d at 1412.

Allen's complaint does not ask for specific amounts as
compensatory or punitive damages, and she claims only $1,000 in
damages as a result of the defendant's refusal to pay the
Accidental Death Benefit.  In its notice of removal, the defendant
simply states that "it is facially apparent from the plaintiff's
First Amended Complaint that the claims are likely to be above
$75,000 or, in the alternative, the facts in controversy support a
finding that the amount in controversy exceeds the sum or value of
$75,000, exclusive of interest and costs."  Notice of Removal, p.
4.  When the defendant's notice of removal merely alleges in a
conclusory manner that the amount in controversy exceeds $75,000,
the district court is without subject matter jurisdiction under 28
U.S.C. § 1332.  Simon v. Wal-Mart Stores, Inc., 193 F.3d 848, 850-
51 (5th Cir. 1999).  Neither the complaint nor the notice of removal
reveals any basis for this Court to exercise subject matter
jurisdiction over this case.

In response to the show cause order, the defendant has
submitted "summary-judgment-type evidence" in the form of responses
by the plaintiff to requests for admission and interrogatories
propounded by the defendant.  The plaintiff's responses to the
requests for admission are attached as Exhibit "A" to the
defendant's response to order to show cause, and include the

3

following:

REQUEST FOR ADMISSION NO. 5: The sum of the actual damages, compensatory damages, punitive damages, reasonable attorney's fees and litigation expenses demanded in this case, and the Accidental Death Benefit of $1,000, when totaled, exceeds the sum or value of $75,000.00, exclusive of interest and costs.

RESPONSE TO REQUEST NO. 5: Denied.

REQUEST FOR ADMISSION NO. 6: The amount placed in controversy by the Plaintiff in her Complaint exceeds the sum or value of $75,000.00, exclusive of interest and costs.

RESPONSE TO REQUEST NO. 6: Denied.

REQUEST FOR ADMISSION NO. 9: The amount in controversy in this action does not exceed the sum or value of $75,000.00, exclusive of interest and costs.

RESPONSE TO REQUEST NO. 9: Admitted.

REQUEST FOR ADMISSION NO. 10: The amount that the Plaintiff claims is due to her for Accidental Death Benefits, the same being the amount of $1,000.00, when added to the amount of actual damages, compensatory damages, punitive damages, reasonable attorney's fees and litigation expenses for which the Plaintiff claims she is entitled to judgment, but excluding prejudgment interest, post-judgment interest, and costs of court, does not total an amount that exceeds the sum or value of $75,000.00.

RESPONSE TO REQUEST NO. 10: Admitted.

Plaintiff's Response to Requests for Admission, July 14, 2009.

The defendant points out that the plaintiff denied, however, that she is not entitled to recover a judgment in excess of $75,000. Response to Request for Admission No. 11. Furthermore, she denied that she will not amend her complaint to demand a sum in excess of $75,000.00. Response to Request for Admission No. 12.

She also denied that she will not ask the state court or the jury to award her an amount in excess of $75,000. Response to Request for Admission No. 13. In her responses to interrogatories, the plaintiff refused to give a dollar amount of her damages, except for the $1,000 she seeks for breach of contract. Response to Interrogatory No. 1; Responses to Interrogatories No. 4 - 6. She also stated that she would not enter into a stipulation in state court that she is not entitled to recover a judgment in excess of $75,000. Response to Interrogatory No. 17. She objected to further interrogatories regarding stipulations. Responses to Interrogatories No. 18-20.

In its response to the order to show cause, the defendant states:

> The Plaintiff's responses are, at best, evasive. While the Plaintiff denied that her total demand exceeds the sum of $75,000.00, exclusive of interest and costs, (Resp. To Request for Admission No. 5) she refused to state the amount of her demand. (Resp. to Interrogatory No. 1) Furthermore, she refused to state why she did not make a specific demand, (Resp. To Interrogatories 9-11) and absolutely refused to admit or stipulate that, should the case be remanded, she would not seek more than $75,000.00 in state court. (Resp. to Interrogatories 17-20) and (Resp. to Requests for Admission 11-17) Significantly, however, Plaintiff did stipulate that she would accept an offer of judgment for $74,999.00 (Resp. to Request for Admission 14) and for $70,000.00 (Resp. to Interrogatory 16)

Defendant's Response to Order to Show Cause, ¶ 3.

The plaintiff's responses to the defendant's discovery requests are ambiguous, and might require further inquiry or a

hearing to determine the jurisdictional issue.  However, with her response to the order to show cause, the plaintiff has attached a stipulation that she will neither seek nor accept any recovery in this case exceeding $75,000 exclusive of interest and court costs. Stipulation Re Jurisdictional Amount, August 6, 2009.  The Court is satisfied that this constitutes a "binding stipulation" not subject to change in the future, to which the Fifth Circuit referred in De Aguilar, 47 F.3d at 1410.  The Court interprets the plaintiff's affidavit to expressly disclaim any damages which the jury might award in excess of $75,000.  The plaintiff has therefore shown that she does not and will not seek to recover, and cannot recover, an amount in excess of $75,000.  Consequently, there is no possibility that the plaintiff may recover enough to satisfy the jurisdictional requirement.  Remand is therefore required under 28 U.S.C. § 1447(c).  See Hodge v. National Auction Group, Inc., 2006 WL 1579648, *2 (N.D. Miss. June 2, 2006).  Accordingly,

IT IS HEREBY ORDERED that this action shall be REMANDED to the Circuit Court of Warren County, Mississippi.  A separate Order of Remand shall follow.

SO ORDERED, this the 31st day of August, 2009.


/s/ David Bramlette
UNITED STATES DISTRICT JUDGE